# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MYLES DAMON MARSHALL, )
)
    Petitioner, )
)
v. ) Case No. CV413-175
)
SCOTT CRICKMAR, Warden, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Convicted of state crimes, Myles Damon Marshall recently sought habeas advice from Northern District of Georgia. Doc. 1. That district transferred his filing here on venue grounds. Doc. 3. This Court then directed him to use approved 28 U.S.C. § 2254 and *in forma pauperis* forms if in fact he sought § 2254 habeas relief. Marshall responded with a § 2254 filing on the proper form, doc. 5, but also filed a separate "Petitioner's Writ for Habeas Corpus Relief," doc. 7, which is really just a supporting brief.[1] He names Scott Crickmar as his custodian (the warden of his prison), so the Court has amended the above caption

---

[1] The Clerk has docketed it as a "Petition for Writ of Habeas Corpus." Doc. 7. The Clerk is **DIRECTED** to amend that entry to "Brief In Support of Petition." Relatedly, Marshall also formally moved for leave to file his petition *in forma pauperis*. Doc. 6. In that he is indigent, it is **GRANTED**.

accordingly. The Clerk is **DIRECTED** to change the docket caption to reflect that, and all subsequent filings shall conform. *See* Rules Governing Section 2254 Cases Rule 2(a).

In answer to the § 2254 form's questions, Marshall reveals that on January 30, 2009 he was convicted in state court of aggravated sodomy, armed robbery, aggravated assault, burglary, false imprisonment, and possession of a firearm. Doc. 5 at 4 ¶¶ 2, 4. In response to the form's question, "Did you appeal from the judgment of conviction?" he checked "Yes" and supplied this elaboration:

> (a) Name of court: "direct appeal" Chatham County Superior Court
> (b) Result: unable to file a brief -- new trial motion denied
> (c) Date of result: March 22nd, 2011.

Doc. 5 at 4 ¶ 9. He filed no other proceedings. *Id.* ¶ 10.

## I. ANALYSIS

Courts enforce a one-year statute of limitations for state prisoners seeking to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The period begins to run from the last of four different triggering events, typically from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review." *Id.* § 2244(d)(1)(A). But the "'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.' *Id.* § 2244(d)(2)." *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x. 981, 983 (11th Cir. 2013); *Munchinski v. Wilson*, 694 F.3d 308, 327 (3rd Cir. 2012). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x. at 983 (quotes and cite omitted). Section 2244(d)(1)'s one-year limitations period requires petitioners to keep the ball rolling at all times. *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012).

Preliminarily reviewing Marshall's petition under Rule 4 of the Rules Governing Section 2254 Cases, the Court concludes that it is time-barred. Even were the Court to credit the earliest filing date found in his § 2254 filings here -- the July 3, 2013 postmark date of his first filing, doc. 1-1 at 2 -- the 834-day spread between his March 22, 2011 "new trial" motion's denial and that July 3, 2013 file date shows that he is 469

days past § 2244(d)(1)'s 365-day limit. In other words, even if Marshall kept the ball rolling between his conviction, direct appeal, and the filing of new trial motion, he fatally dropped it after March 22, 2011.

## II. CONCLUSION

Myles Damon Marshall's 28 U.S.C. § 2254 petition, then, must be **DENIED**. *Biggins v. Barrow*, 2013 WL 3047903 at * 1 (S.D. Ga. June 17, 2013). Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  27th  day of August, 2013.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA